UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

ANTHONY CAREY,
a/k/a "Sturdy Goyard,"
a/k/a "Bloody"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/ <u>MONEY JUDGMENT</u>

S1 25 Cr. 23 (VSB)

WHEREAS, on or about July 22, 2025, ANTHONY CAREY (the "Defendant"), was charged in a two-count Superseding Indictment, S1 25 Cr. 23 (VSB) (the "Indictment"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One); and firearms use, carrying and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Count One of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count of the Indictment;

WHEREAS, the Indictment included, a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in Count Two of the Indictment including but not limited to

a. Bearman 9mm Derringer-style handgun (the "Bearman");

b. Colt .22 caliber pistol with the serial number 967735 (the "Colt"); and

c. Ruger pistol with serial number 380230673 (the "Ruger");

WHEREAS, on or about May 5, 2026, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Indictment and agreed forfeit to the United States, pursuant to (i) Title 21, United States Code, Section 853, a sum of money in United States currency representing proceeds traceable to the commission of the offense charged in Count One of the Indictment and (ii) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all right, title and interest in the firearms and ammunition involved in or used in the offense charged in Count Two of the Indictment;

WHEREAS, the Government seeks the forfeiture of all of the Defendant's right, title and interest in the following as firearms and ammunition involved in the offense charged in Count Two of the Indictment:

a. The following firearm seized by the Government on or about June 13, 2024, in Waterville, ME:

   i. The Bearman;

b. The following firearm seized by the Government on or about November 15, 2024, in Jay, ME:

   i. The Ruger;

c. The following firearm seized by the Government on or about March 26, 2025, in New York, NY:

i. The Colt;

(a. through c., collectively, the "Seized Firearms");

WHEREAS, the Government seeks the forfeiture of all of the Defendant's right title and interest in $3,347 in United States currency seized by the Government on or about June 13, 2024, in Waterville, ME ("Seized Currency"), together with the Seized Firearms, the "Specific Property");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Counts One and Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant ANTHONY CAREY and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

Vernon Broderick

HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

August 26, 2026
DATE